[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11608

Non-Argument Calendar

_____

HECTOR HERNANDEZ,
on his own behalf and on behalf of
those similarly situated,

                                                Plaintiff-Appellant,

versus

PLASTIPAK PACKAGING, INC.,
a Foreign Profit Corporation,

                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cv-02826-JSM-SPF

_____

Before ROSENBAUM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Hector Hernandez appeals the district court's summary judgment for Plastipak Packaging, Inc. on his Fair Labor Standards Act overtime claim. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

We explained the relevant facts and legal landscape at length in an earlier appeal in this case. *See Hernandez v. Plastipak Packaging, Inc.* (*Hernandez I*), 15 F.4th 1321 (11th Cir. 2021). But the long and short of it is this: Hernandez worked for Plastipak for a fixed base salary of $1,965 every other week, plus performance bonuses, holiday pay, and nightshift pay. Though Hernandez's base salary didn't vary, the hours he worked each week did. And when he worked more than forty hours in one week, the Fair Labor Standards Act entitled him to overtime pay "at a rate not less than one and one-half times [his] regular rate" of pay. 29 U.S.C. § 207(a). Because Hernandez's weekly hours varied, he had no fixed hourly rate from which Plastipak could calculate time-and-a-half pay. So Plastipak used the "fluctuating workweek method" to calculate his overtime pay for any given week.

The fluctuating workweek method accounts for the fact that when an employee works variable hours for a fixed weekly salary his "regular rate" of prorated hourly pay also varies. *See Hernandez I*, 15 F.4th at 1322–33. Because the employee's fixed salary already compensates him at the "regular rate" for the overtime hours he works, an employer using the fluctuating workweek method "need only pay for overtime hours at a rate of one-half times the employee's regular rate—not at one and one-half times." *Id.* at 1322. Thus, an employer may satisfy the Fair Labor Standards Act by (1) dividing weekly salary by the total number of hours worked—to calculate the employee's regular hourly rate for that week—then (2) multiplying one-half that rate by the number of overtime hours the employee worked that week. This additional amount will compensate the extra one-half time pay the Fair Labor Standards Act requires. *See Hernandez I*, 15 F.4th at 1327 (citing 29 C.F.R. § 778.114(a) (2016)[1]).

Plastipak used a "more generous version of the fixed workweek method" to calculate Hernandez's overtime pay. *Id.* at 1323. To calculate Hernandez's regular rate, Plastipak divided his weekly salary by forty hours—not the total number of hours he worked that week. Then, instead of multiplying his overtime hours by only one-half the regular rate, it multiplied his overtime hours by the

---

[1] A new version of 29 C.F.R. section 778.114 became effective in 2020, but we decide this case based on the regulation effective when the case began. *See Hernandez I*, 15 F.4th at 1326 n.3.

4                      Opinion of the Court                    22-11608

*full* regular rate.  Mathematically, this method would always result in an overtime rate more than twice what the standard fluctuating workweek method would produce.  Plastipak outlined its method for calculating overtime pay in a salary policy that Hernandez signed when he began working there.  The salary policy stated that Hernandez's base salary would be constant—regardless of the hours he worked—and explained that Plastipak used the fluctuating workweek method to calculate only his overtime payments.

Nevertheless, Hernandez sued Plastipak on the grounds that he was entitled under the Fair Labor Standards Act to one and one-half time pay for overtime hours, calculated as though he worked a fixed forty hours per week.  We earlier held that, although Hernandez received additional payment for working nights or holidays, his base salary was still "fixed" within the meaning of federal labor law.  *Id.* at 1329.  We then remanded for the district court to determine whether Plastipak's pay scheme complied with other aspects of 19 C.F.R. section 778.114, the regulation approving the fluctuating workweek method.  *Id.*  Especially relevant was whether the parties had "a clear mutual understanding" that Hernandez's fixed salary was "compensation . . . for the hours worked each workweek, whatever their number."  29 C.F.R. § 778.114 (2016).

The district court found, on remand, that Plastipak had complied with the Fair Labor Standards Act because the record showed that "the parties had a clear mutual understanding that [Hernandez's] bi-weekly salary" was fixed regardless of what hours he

worked. It also concluded that Plastipak correctly applied the fluctuating workweek method because Hernandez's overtime rate was always more than one-half of his fixed rate of pay. The district court thus granted Plastipak's motion for summary judgment. Hernandez timely appealed.

## STANDARD OF REVIEW

We review de novo an order granting summary judgment. *See Carithers v. Mid-Continent Cas. Co.*, 782 F.3d 1240, 1245 (11th Cir. 2015). A party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## DISCUSSION

Hernandez raises two arguments on appeal. First, he contends the district court erred when it found the parties had a clear mutual understanding that his base salary was fixed regardless of the hours he worked in a given week. The parties, he says, had no mutual agreement his salary was fixed because Plastipak's salary policy compensated him for forty hours per week, not a variable number of hours per week.

Hernandez's first argument fails because Plastipak's salary policy, which Hernandez agreed to and signed, stated plainly that Hernandez would "be paid a fixed weekly salary for a fluctuating workweek." The policy then repeated, in bold, that Hernandez would "receive a fixed weekly salary as straight time pay for whatever hours [he was] called upon to work in a workweek, whether

few or many." As the district court explained, "[t]he record reflect[ed] that [Hernandez] clearly understood that he would receive [his] fixed salary as straight time pay for all the hours he worked in any week, whether fewer or greater than [forty] hours." There is no contrary evidence in the record.

Second, Hernandez argues that Plastipak's more generous fluctuating workweek method violated federal regulations because it effectively denied him an overtime pay rate greater than his regular rate of pay. The only permissible application of the fluctuating workweek method, he says, is to calculate overtime by dividing a fixed base salary by the total number of hours worked—not a set forty hours, like Plastipak did.

But the overtime rate in the Fair Labor Standards Act is a floor, not a ceiling. The Act and its regulations allow employers to pay more than they are required to for overtime hours. Under the Act, an employer's overtime rate must be "not less than" the one set by Congress. *See* 29 U.S.C. § 207(a). And, under the regulations, "[w]here all the legal prerequisites for use of the 'fluctuating workweek' method of overtime payment are present, the Act, in requiring that 'not less than' the prescribed premium of [fifty] percent for overtime hours worked be paid, does not prohibit paying more." 29 C.F.R. 778.114(c) (2016). Applying the regulation in *Hernandez I*, we explained that "[n]othing in the plain language of the regulation removed Hernandez from [the fluctuating workweek's] scope just because Plastipak paid him more . . . ." 15 F.4th at 1328.

22-11608                Opinion of the Court                7

That's what Plastipak did.  The method it used to calculate the overtime rate always resulted in an overtime rate more than twice what the standard fluctuating workweek method would produce.  *Id.* at 1323.  Paying more than it had to did not violate the Act.

**AFFIRMED.**